NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS C. HOY,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>YAMHILL COUNTY, a public municipality; et al.,<br><br>    Defendants-Appellees. | No. 15-35819<br><br>D.C. No. 3:13-cv-01098-HZ<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Submitted July 10, 2017**
Portland, Oregon

Before: WATFORD and OWENS, Circuit Judges, and CHHABRIA,*** District Judge.

 **1.** The district court did not abuse its discretion in finding that Hoy lacked

"good cause" for the delay in filing his notice of appeal. Fed. R. App. P.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***  The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

4(a)(5)(A).  To establish good cause, Hoy was required to show that the delay was not his fault.  *See United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015); Fed. R. App. P. 4 Advisory Committee's Note to 2002 Amendments.  His counsel's failures are attributable to him for this purpose.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993).  Hoy's counsel, Samantha Copeland, waited until the day the notice of appeal was due before allegedly attempting to file it.  In her declaration, Copeland asserted that at 11:00 p.m., an hour before the deadline, she tried to file the notice of appeal but had difficulty logging on to the CM/ECF system.  Copeland said she was able to log on the next day, but she still did not file the notice.  Copeland claimed that she believed the local rules gave her three extra days to file the notice.  But she later acknowledged she was wrong about that, and, as the district court noted, her purported belief that she had three extra days is in tension with her effort to file the notice at 11:00 p.m. on the day it was actually due.  In light of Copeland's account of what happened, the district court's conclusion that the delay was Copeland's fault (and therefore Hoy's fault) was not an abuse of discretion.

**2.**  Nor did the district court abuse its discretion in refusing to find that Hoy's delay was the product of "excusable neglect."  Fed. R. App. P. 4(a)(5)(A).  The district court considered all four aspects of the excusable neglect inquiry and found that three of the four cut in Hoy's favor.  *Pioneer*, 507 U.S. at 395; *Lemoge*

*v. United States*, 587 F.3d 1188, 1193–94 (9th Cir. 2009). But the remaining factor (namely, the reasons for the delay, which are discussed in the preceding paragraph), combined with the litany of errors and missed deadlines by Copeland throughout the district court proceedings, supported the finding that Hoy's neglect was not "excusable." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

**AFFIRMED**.